COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| Maria Duria Chavelas, Individually, also known as Maria Duria Wilhelm d/b/a International Legal Services-Abogados, d/b/a Abogados Sin International Legal Services and d/b/a Attorney's without Borders, | § | No. 08-19-00081-CV |
| | § | Appeal from the |
| | § | 346th District Court |
| | § | of El Paso County, Texas |
| Appellant, | § | (TC# 2014DCV1634) |
| v. | § | |
| The State of Texas, | § | |
| State. | § | |
| | § | |

# O R D E R

Pending before the Court are two motions related to the trial court's order finding that Appellant is able to afford to pay the costs of this appeal. *See* TEX.R.CIV.P. 145(g). Appellant filed an untimely motion to challenge the trial court's May 6, 2019 order finding that she is able to afford to pay the costs of this appeal. She also filed an untimely extension motion based on her assertion that she did not receive notice of the trial court's May 6, 2019 order. *See* TEX.R.CIV.P. 145(g)(2). Appellant's motion for an extension of time to file her motion to challenge is granted. Therefore, we will review the merits of Appellant's motion to challenge.

On May 6, 2019, the trial court conducted an evidentiary hearing on the court's reporter's challenge to Appellant's Statement of Inability, and the trial court determined that Appellant is

1

able to afford to pay the costs of this appeal. TEX.R.CIV.P. 145(f)(6). Further, the trial court made detailed findings of fact as required by Rule 145(f)(6).

We review a trial court's order for an abuse of discretion. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex.App.--Houston [1st Dist.] 1998, no pet.). In deciding whether the declarant is unable to afford to pay court costs, the test is whether the declarant proved either that she receives public assistance, is being assisted *pro bono* by counsel, or does not have funds to afford payment of costs. *See* TEX.R.CIV.P. 145(e). An abuse of discretion is shown only if the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong. *Arevalo*, 983 S.W.2d at 804. As the trier of fact, the trial court weighs the evidence and determines the declarant's credibility. The trial court found that Appellant does not receive public assistance, is not being represented by counsel *pro bono*, and failed to establish that she does not have the funds to afford payment of costs. After reviewing the entire record of the hearing, we are unable to find that the trial court abused its discretion by finding that Appellant failed to prove that she is unable to afford to pay the costs of this appeal. Accordingly, Appellant's motion to challenge is denied.

IT IS SO ORDERED this 3rd day of July, 2019.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.